# United States District Court
## Violation Notice (Rev.1/2019)

| Location Code | Violation Number | Officer Name | Officer No. |
|---|---|---|---|
| A51 | FDVI00EJ | Roper | 2331 |

## YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense | Offense Charged ☐ CFR ☐ USC ☐ STATE CODE |
|---|---|
| 05/04/2026 15:00 | FED 36CFR261.3A |

Place of Offense

RITTER TANK COCONINO NF

Offense Description: Factual Basis for Charge        HAZMAT ☐

Threaten/resist/intimidate/interfere w/ forest officer

### DEFENDANT INFORMATION        Phone ███████

| Last Name | First Name | M.I. |
|---|---|---|
| Gibson | Ashley | V |

███████

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| Tempe | AZ | 86281 | ███████ |

| Drivers License No. | CDL ☐ | D.L. State | Social Security No. |
|---|---|---|---|
| ███████ | | AZ | ███████ |

☒ Adult  ☐ Juvenile   Sex ☐ M ☒ F

| Hair | Eyes | Height | Weight |
|---|---|---|---|
| Black | Brown | 5' 9" | 150 |

### VEHICLE    VIN: _____        CMV ☐

| Tag No. | State | Year | Make/Model | PASS ☐ | Color |
|---|---|---|---|---|---|
| ███████ | AZ | 2005 | TOYOTA SOLARA | | WHITE |

| APPEARANCE IS REQUIRED | APPEARANCE IS OPTIONAL |
|---|---|
| A ☒ If Box A is checked, you must appear in court. See instructions. | B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions. |

| | |
|---|---|
| | Forfeiture Amount |
| | $30 Processing Fee |
| PAY THIS AMOUNT AT www.cvb.uscourts.gov | Total Collateral Due |

## YOUR COURT DATE

(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) |
|---|---|
| | |
| | Time (hh:mm) |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt.I promise to appear for the hearing at the time and and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature _____

Officer's Copy (Pink)

---

## STATEMENT OF PROBABLE CAUSE
### (For issuance of an arrest warrant or summons)

I state that on  05/04/2026  while exercising my duties as a law enforcement officer in the _____ District of  AZ

Pursuant to 16USC 551: See attached

The foregoing statement is based upon:

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

| Executed on: | 05/04/2026 | C. Roper |
|---|---|---|
| | Date (mm/dd/yyyy) | Officer's Signature |

☒ Probable cause has been stated for the issuance of a warrant.

**Camille D. Bibles**
Digitally signed by Camille D. Bibles
Date: 2026.05.05 07:11:53 -07'00'

| Executed on: | | |
|---|---|---|
| | Date (mm/dd/yyyy) | U.S. Magistrate Judge |

HAZMAT = Hazardous material involved in incident; **PASS** = 9 or more passenger
**CDL** = Commercial drivers license;        **CMV** = Commercial vehicle involved in incident



| | |
|---|---|
| **USDA**   **STATEMENT OF PROBABLE CAUSE** | **CASE NUMBER** |
| **Forest Service** | **FDVI00EJ**<br>**FDVI00EK**<br>**FDVI00EL** |

| FOREST | ADDRESS |
|---|---|
| Coconino National Forest | 1824 S Thompson St, Flagstaff, AZ 86001 |

*I state that on 05/04/2026 while exercising my duties as a law enforcement officer in the District of AZ...*

I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest with LEO Christian Lucero.

At approximately 1610 hours the Coconino National Forest dispatch center received reports of smoke near Ritter Tank and they dispatched multiple Forest Service wildland fire crews. By 1642 hours the fire crews arrived on scene and had requested law enforcement assistance due to a suspicious suspect in the area. Crews advised that the suspect was covered in blood and associated with a white Toyota that was parked near the fire. They stated that upon trying to contact the occupant (later identified as Ashley GIBSON) she ignored them and started reaching around her vehicle. This intimidated the suppression crews, uncertain if she was reaching for a weapon [GIBSON later admitted she realized they may have thought she was armed], which caused them to park away from her and the fire and await law enforcement. Her erratic and potentially threatening behavior interfered with the fire fighters because they could not put out the fire until the scene was safe.

At approximately 1730 hours I arrived on scene and LEO Lucero observed GIBSON attempting to climb a tree near her car, and approximately 50 feet from the uncontained wildfire. Other than first responders, GIBSON was the only person observed in the vicinity. As we pulled up to her, GIBSON jumped into the loop of a rope in an apparent attempt to hang herself. I gave GIBSON multiple commands to show me her hands and to get down, but she did not comply. She instead continued doing the opposite, pulling herself into the rope loop. I tased GIBSON to make it safe for me to pull her off the rope. GIBSON actively resisted LEO Lucero and I for approximately a minute and a half while we tried to pull her off the rope, bring her down to the ground, apply handcuffs, and detain her. She continued to resist despite multiple strikes and having handcuffs applied by flexing and kicking her legs away from us, trying to get up off the ground, and by covering my taser with her legs.

Due to GIBSON's repeated physical resistance, we were unable to safely move her away from the scene. We had to hold her to the ground to await more backup, all while the firefighters were still waiting to safely engage the fire that was burning about 50 feet away from us. Eventually two more officers arrived, we were able to hobble her legs, and then safely carry her to a patrol vehicle and transport her out of the fire area to medics.

GIBSON was transported to the hospital out of custody, and LEO Lucero, Deputy Ruiz, and I all conducted a follow up interview at the hospital. GIBSON provided specific details about how she started a campfire that afternoon after suicide attempts that began around noon. She stated that she started the fire in a fire ring that she had constructed the night before using matches and books (books were later found near the suspected origin of the fire). GIBSON stated that it was windy when she started the fire. GIBSON indicated that she was so distracted by her suicide attempts that she did not notice that her campfire had escaped and turned into a wildfire (approximately ¼ acre at this time) until she saw the firefighters begin to arrive.

I arrested and charged GIBSON via the following violation notices:
FDVI00EJ for a violation of 36 CFR 261.3 (a), Threaten, resist, intimidate, or interfere with forest officer engaged in official duties.
FDVI00EK for a violation of 36 CFR 261.5 (e), causing and failing to maintain control of a fire that is not a prescribed fire that damages the National Forest System
FDVI00EL for a violation of 36 CFR 261.5 (f), Building, attending, maintaining, or using a campfire without removing all flammable material from around the campfire adequate to prevent its escape.



| USDA | STATEMENT OF PROBABLE CAUSE | CASE NUMBER |
|------|------------------------------|-------------|
| **Forest Service** | | **FDVI00EJ** |
| | | **FDVI00EK** |
| | | **FDVI00EL** |

The foregoing is based upon:

   <u>X</u>    My personal observations.
   <u>X</u>    My personal investigation.
   <u>X</u>    Information supplied to me from a fellow officer's observations.
   <u>X</u>    Other (explained above).

I declare under penalty of perjury that the information which I have set forth above and on the face of the Violation Notice is true and correct to the best of my knowledge.

Executed on May 4, 2026

*Law Enforcement Officer C. Roper*

Probable Cause has been stated for the issuance of a summons or a warrant for the arrest of the violator named or identified herein.

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2026.05.05 07:12:38 -07'00'

_____
(Date)

_____
*(United States Magistrate-Judge)*

trailer w/o reg: 2002 Nomad Lite

# United States District Court
## Violation Notice
(Rev.1/2019)

| Location Code | Violation Number | Officer Name | Officer No. |
|---|---|---|---|
| A51 | FDVI00EK | Roper | 2331 |

## YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense | Offense Charged ☐ CFR ☐ USC ☐ STATE CODE |
|---|---|
| 05/04/2026 15:00 | FED 36CFR261.5E |

Place of Offense
RITTER TANK COCONINO NF

Offense Description: Factual Basis for Charge          HAZMAT ☐
Cause wildfire that damages National Forest System

### DEFENDANT INFORMATION          Phone: ███████

| Last Name | First Name | M.I. |
|---|---|---|
| Gibson | Ashley | V |

Street Address
██████████

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| Tempe | AZ | 86281 | ███████ |

| Drivers License No. | CDL ☐ | D.L. State | Social Security No. |
|---|---|---|---|
| ██████ | | AZ | ██████ |

☒ Adult ☐ Juvenile   Sex ☐ M ☒ F

| Hair | Eyes | Height | Weight |
|---|---|---|---|
| Black | Brown | 5' 9" | 150 |

### VEHICLE          VIN: ███████          CMV ☐

| Tag No. | State | Year | Make/Model | PASS ☐ | Color |
|---|---|---|---|---|---|

| APPEARANCE IS REQUIRED | APPEARANCE IS OPTIONAL |
|---|---|
| A ☒ If Box A is checked, you must appear in court. See instructions. | B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions. |

|  | Forfeiture Amount |
|---|---|
|  | $30 Processing Fee |
| PAY THIS AMOUNT AT www.cvb.uscourts.gov → | Total Collateral Due |

## YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) |
|---|---|
|  | Time (hh:mm) |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt.I promise to appear for the hearing at the time and and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature _____

Officer's Copy (Pink)

---

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on __05/04/2026__ while exercising my duties as a law enforcement officer in the _____ District of ____AZ____

Pursuant to 16USC 551: See attached

The foregoing statement is based upon:

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: __05/04/2026__          _C. Roper_
Date (mm/dd/yyyy)          Officer's Signature

☒ Probable cause has been stated for the issuance of a warrant.

Executed on: _____     Camille D. Bibles     Digitally signed by Camille D. Bibles Date: 2026.05.05 07:07:28 -07'00'
Date (mm/dd/yyyy)          U.S. Magistrate Judge

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger
CDL = Commercial drivers license;          CMV = Commercial vehicle involved in incident



| USDA | **STATEMENT OF PROBABLE CAUSE** | CASE NUMBER |
|---|---|---|

**Forest Service**

CASE NUMBER
**FDVI00EJ**
**FDVI00EK**
**FDVI00EL**

| FOREST | ADDRESS |
|---|---|
| Coconino National Forest | 1824 S Thompson St, Flagstaff, AZ 86001 |

*I state that on 05/04/2026 while exercising my duties as a law enforcement officer in the District of AZ...*

I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest with LEO Christian Lucero.

At approximately 1610 hours the Coconino National Forest dispatch center received reports of smoke near Ritter Tank and they dispatched multiple Forest Service wildland fire crews. By 1642 hours the fire crews arrived on scene and had requested law enforcement assistance due to a suspicious suspect in the area. Crews advised that the suspect was covered in blood and associated with a white Toyota that was parked near the fire. They stated that upon trying to contact the occupant (later identified as Ashley GIBSON) she ignored them and started reaching around her vehicle. This intimidated the suppression crews, uncertain if she was reaching for a weapon [GIBSON later admitted she realized they may have thought she was armed], which caused them to park away from her and the fire and await law enforcement. Her erratic and potentially threatening behavior interfered with the fire fighters because they could not put out the fire until the scene was safe.

At approximately 1730 hours I arrived on scene and LEO Lucero observed GIBSON attempting to climb a tree near her car, and approximately 50 feet from the uncontained wildfire. Other than first responders, GIBSON was the only person observed in the vicinity. As we pulled up to her, GIBSON jumped into the loop of a rope in an apparent attempt to hang herself. I gave GIBSON multiple commands to show me her hands and to get down, but she did not comply. She instead continued doing the opposite, pulling herself into the rope loop. I tased GIBSON to make it safe for me to pull her off the rope. GIBSON actively resisted LEO Lucero and I for approximately a minute and a half while we tried to pull her off the rope, bring her down to the ground, apply handcuffs, and detain her. She continued to resist despite multiple strikes and having handcuffs applied by flexing and kicking her legs away from us, trying to get up off the ground, and by covering my taser with her legs.

Due to GIBSON's repeated physical resistance, we were unable to safely move her away from the scene. We had to hold her to the ground to await more backup, all while the firefighters were still waiting to safely engage the fire that was burning about 50 feet away from us. Eventually two more officers arrived, we were able to hobble her legs, and then safely carry her to a patrol vehicle and transport her out of the fire area to medics.

GIBSON was transported to the hospital out of custody, and LEO Lucero, Deputy Ruiz, and I all conducted a follow up interview at the hospital. GIBSON provided specific details about how she started a campfire that afternoon after suicide attempts that began around noon. She stated that she started the fire in a fire ring that she had constructed the night before using matches and books (books were later found near the suspected origin of the fire). GIBSON stated that it was windy when she started the fire. GIBSON indicated that she was so distracted by her suicide attempts that she did not notice that her campfire had escaped and turned into a wildfire (approximately ¼ acre at this time) until she saw the firefighters begin to arrive.

I arrested and charged GIBSON via the following violation notices:
FDVI00EJ for a violation of 36 CFR 261.3 (a), Threaten, resist, intimidate, or interfere with forest officer engaged in official duties.
FDVI00EK for a violation of 36 CFR 261.5 (e), causing and failing to maintain control of a fire that is not a prescribed fire that damages the National Forest System
FDVI00EL for a violation of 36 CFR 261.5 (f), Building, attending, maintaining, or using a campfire without removing all flammable material from around the campfire adequate to prevent its escape.



**USDA**    **STATEMENT OF PROBABLE CAUSE**
**Forest Service**

CASE NUMBER
**FDVI00EJ**
**FDVI00EK**
**FDVI00EL**

---

The foregoing is based upon:

  X    My personal observations.
  X    My personal investigation.
  X    Information supplied to me from a fellow officer's observations.
  X    Other (explained above).

I declare under penalty of perjury that the information which I have set forth above and on the face of the Violation Notice is true and correct to the best of my knowledge.

Executed on May 4, 2026

*C. Roper*

_____
*Law Enforcement Officer C. Roper*

Probable Cause has been stated for the issuance of a summons or a warrant for the arrest of the violator named or identified herein.

Camille D. Bibles
Digitally signed by
Camille D. Bibles
Date: 2026.05.05
07:09:07 -07'00'

_____
      (Date)                                *(United States Magistrate-Judge)*

trailer w/o reg: 2002 Nomad Lite

# United States District Court
## Violation Notice
(Rev.1/2019)

| Location Code | Violation Number | Officer Name | Officer No. |
|---|---|---|---|
| A51 | FDVI00EL | Roper | 2331 |

### YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense | Offense Charged | ☐ CFR ☐ USC ☐ STATE CODE |
|---|---|---|
| 05/04/2026 15:00 | FED 36CFR261.5F | |

Place of Offense
RITTER TANK COCONINO NF

Offense Description: Factual Basis for Charge          HAZMAT ☐

Fail to remove fuels from around fire to prevent escape

### DEFENDANT INFORMATION          Phone: ▓▓▓

| Last Name | First Name | M.I. |
|---|---|---|
| Gibson | Ashley | V |

Street Address ▓▓▓

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| Tempe | AZ | 86281 | ▓▓▓ |

| Drivers License No. ▓▓▓ | CDL ☐ | D.L. State AZ | Social Security No. ▓▓▓ |
|---|---|---|---|

☒ Adult  ☐ Juvenile  Sex ☐ M ☒ F

| Hair | Eyes | Height | Weight |
|---|---|---|---|
| Black | Brown | 5' 9" | 150 |

### VEHICLE          VIN:          CMV ☐

| Tag No. | State | Year | Make/Model | PASS ☐ | Color |
|---|---|---|---|---|---|

| APPEARANCE IS REQUIRED | APPEARANCE IS OPTIONAL |
|---|---|
| A ☒ If Box A is checked, you must appear in court. See instructions. | B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions. |

Forfeiture Amount

$30 Processing Fee

Total Collateral Due

**PAY THIS AMOUNT AT**
www.cvb.uscourts.gov

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) |
|---|---|
| | Time (hh:mm) |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt.I promise to appear for the hearing at the time and and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature

Officer's Copy (Pink)

---

### STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on 05/04/2026 while exercising my duties as a law enforcement officer in the _____ District of AZ

Pursuant to 16USC 551: See attached

The foregoing statement is based upon:

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: 05/04/2026          C. Roper
Date (mm/dd/yyyy)          Officer's Signature

☒ Probable cause has been stated for the issuance of a warrant.

Executed on: _____
Date (mm/dd/yyyy)          U.S. Magistrate Judge

**HAZMAT** = Hazardous material involved in incident; **PASS** = 9 or more passenger
**CDL** = Commercial drivers license;          **CMV** = Commercial vehicle involved in incident



| | |
|---|---|
| **USDA**    **STATEMENT OF PROBABLE CAUSE** | **CASE NUMBER** |
| **Forest Service** | **FDVI00EJ** |
| | **FDVI00EK** |
| | **FDVI00EL** |

| FOREST | ADDRESS |
|---|---|
| Coconino National Forest | 1824 S Thompson St, Flagstaff, AZ 86001 |

*I state that on 05/04/2026 while exercising my duties as a law enforcement officer in the District of AZ...*

I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest with LEO Christian Lucero.

At approximately 1610 hours the Coconino National Forest dispatch center received reports of smoke near Ritter Tank and they dispatched multiple Forest Service wildland fire crews. By 1642 hours the fire crews arrived on scene and had requested law enforcement assistance due to a suspicious suspect in the area. Crews advised that the suspect was covered in blood and associated with a white Toyota that was parked near the fire. They stated that upon trying to contact the occupant (later identified as Ashley GIBSON) she ignored them and started reaching around her vehicle. This intimidated the suppression crews, uncertain if she was reaching for a weapon [GIBSON later admitted she realized they may have thought she was armed], which caused them to park away from her and the fire and await law enforcement. Her erratic and potentially threatening behavior interfered with the fire fighters because they could not put out the fire until the scene was safe.

At approximately 1730 hours I arrived on scene and LEO Lucero observed GIBSON attempting to climb a tree near her car, and approximately 50 feet from the uncontained wildfire. Other than first responders, GIBSON was the only person observed in the vicinity. As we pulled up to her, GIBSON jumped into the loop of a rope in an apparent attempt to hang herself. I gave GIBSON multiple commands to show me her hands and to get down, but she did not comply. She instead continued doing the opposite, pulling herself into the rope loop. I tased GIBSON to make it safe for me to pull her off the rope. GIBSON actively resisted LEO Lucero and I for approximately a minute and a half while we tried to pull her off the rope, bring her down to the ground, apply handcuffs, and detain her. She continued to resist despite multiple strikes and having handcuffs applied by flexing and kicking her legs away from us, trying to get up off the ground, and by covering my taser with her legs.

Due to GIBSON's repeated physical resistance, we were unable to safely move her away from the scene. We had to hold her to the ground to await more backup, all while the firefighters were still waiting to safely engage the fire that was burning about 50 feet away from us. Eventually two more officers arrived, we were able to hobble her legs, and then safely carry her to a patrol vehicle and transport her out of the fire area to medics.

GIBSON was transported to the hospital out of custody, and LEO Lucero, Deputy Ruiz, and I all conducted a follow up interview at the hospital. GIBSON provided specific details about how she started a campfire that afternoon after suicide attempts that began around noon. She stated that she started the fire in a fire ring that she had constructed the night before using matches and books (books were later found near the suspected origin of the fire). GIBSON stated that it was windy when she started the fire. GIBSON indicated that she was so distracted by her suicide attempts that she did not notice that her campfire had escaped and turned into a wildfire (approximately ¼ acre at this time) until she saw the firefighters begin to arrive.

I arrested and charged GIBSON via the following violation notices:
FDVI00EJ for a violation of 36 CFR 261.3 (a), Threaten, resist, intimidate, or interfere with forest officer engaged in official duties.
FDVI00EK for a violation of 36 CFR 261.5 (e), causing and failing to maintain control of a fire that is not a prescribed fire that damages the National Forest System
FDVI00EL for a violation of 36 CFR 261.5 (f), Building, attending, maintaining, or using a campfire without removing all flammable material from around the campfire adequate to prevent its escape.



**USDA**   **STATEMENT OF PROBABLE CAUSE**
**Forest Service**

CASE NUMBER
**FDVI00EJ**
**FDVI00EK**
**FDVI00EL**

The foregoing is based upon:

 X    My personal observations.
 X    My personal investigation.
 X    Information supplied to me from a fellow officer's observations.
 X    Other (explained above).

I declare under penalty of perjury that the information which I have set forth above and on the face of the Violation Notice is true and correct to the best of my knowledge.

Executed on May 4, 2026

*C. Roper*

_____
*Law Enforcement Officer C. Roper*

Probable Cause has been stated for the issuance of a summons or a warrant for the arrest of the violator named or identified herein.

Camille D. Bibles

Digitally signed by
Camille D. Bibles
Date: 2026.05.05
07:05:42 -07'00'

_____     _____
(Date)                          *(United States Magistrate-Judge)*

trailer w/o reg: 2002 Nomad Lite